|   |   |
|---|---|
| JACK HOLMBECK, an individual, | Case No. 12-CV-1149-JM (JMA) |
| Plaintiff, | **ORDER SCHEDULING SETTLEMENT/ CASE MANAGEMENT CONFERENCE** |
| v. | |
| I2B NETWORKS, INC., a California corporation, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

The Court convened a telephonic Early Neutral Evaluation Conference on June 15, 2012 at 9:30 a.m.  **IT IS HEREBY ORDERED** that a Settlement/Case Management Conference will be held in the chambers of Magistrate Judge Jan M. Adler on **August 7, 2012** at **10:00 a.m.**, United States Courthouse, 940 Front Street, San Diego, California 92101-8928.

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>.  The individual(s) present at the Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the**

**settlement position of a party during the course of the conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

In the event the case does not settle at the Settlement Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference:

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1) to the initial disclosure provisions of Rule 26(a)(1)(A-E);

2. The scheduling of the Rule 26(f) conference;

3. The date of initial disclosures and the date for lodging the discovery plan following the Rule 26(f) conference; and

4. The scheduling of a Case Management Conference pursuant to Rule 16(b).

**IT IS SO ORDERED.**

DATED:  June 15, 2012

Jan M. Adler
U.S. Magistrate Judge